UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK TYLER ANTHONY,

        Plaintiff,

v.

MICHIGAN STATE POLICE, ET AL.,

        Defendants.

_____ /

Case No. 11-13697

District Judge Avern Cohn

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

On August 25, 2011, Plaintiff Mark Tyler Anthony filed a *pro se* civil complaint challenging, apparently on due process grounds, his placement on Michigan's Sex Offender Registry. On September 21, 2011, prior to serving the complaint, Plaintiff filed a self-styled motion for summary judgment [Doc. #4], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(bb)(1)(B).[1] For the reasons discussed below, I recommend that Plaintiff's motion be DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 1989, following a waiver trial before then-Detroit Recorder's Court Judge Dalton A. Roberson, Plaintiff was convicted of multiple counts of criminal sexual conduct, both first-degree and second-degree. On March 23, 1989, he was sentenced to concurrent prison terms, ranging from 5 to 15 years for second-degree criminal sexual conduct, to 11 to 20 years for first-degree criminal sexual conduct. The transcripts of Plaintiff's trial and sentencing are appended to his Complaint. Following his release on

---

[1] In the same pleading, Plaintiff has requested immediate consideration and the appointment of counsel. As those are non-dispositive matters, I will issue a separate order under 28 U.S.C. 636(b)(1)(A).

parole, Plaintiff was required to register as a sex offender, pursuant to Michigan's Sex Offender Registration Act.

In the present motion, Plaintiff argues that the requirements placed upon him by Michigan's Sex Offender Registration Act ("SORA"), and the penalties that accompany his failure to comply with those requirements, violates procedural due process, because he is not afforded a hearing or an assessment to determine his individual dangerousness.

I have filed a separate Report and Recommendation, recommending that the Defendants' motions to dismiss [Doc. #8 and #11] be granted based on *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Plaintiff's criminal convictions have not been favorably terminated.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

## III.   DISCUSSION

Defendants point out in their response [Doc. #16] that Plaintiff's motion is taken almost verbatim from the district court opinion in *Fullmer v. Michigan State Police*, 207 F.Supp.2d 650 (E.D. Mich. 2001).  However, the Sixth Circuit overturned that decision in *Fullmer v. Michigan State Police*, 360 F.3d 579 (6th Cir. 2004). Holding that Fourteenth Amendment procedural due process was not implicated by Michigan's SORA, the Sixth Circuit relied on the Supreme Court's decision in *Conn. Dep't of Pub. Safety v. Doe,* 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), where the Supreme Court found that placement on Connecticut's sex offender registration statute (like Michigan's) "is based on the fact of the registrant's conviction rather than his or her current 'dangerousness.'" *Fullmer*, 360 F.3d at 582.

In short, under *Conn. Dep't of Pub. Safety v. Doe* and the Sixth Circuit's decision in *Fullmer*, Plaintiff's due process argument is dead in the water. Plaintiff appears to concede as much in his "sur-reply" [Doc. #17], where he states, at p. 2, that he is "not challenging the statute [SORA], nor any constitutional counterparts," but instead is challenging the application of the statute as applied to him where the Defendants "have failed to have the proper jurisdiction to apply it and impose its purpose without jurisdiction."  Plaintiff then proffers the same basic argument contained in his complaint and in his response to the Defendants' motions to dismiss: that his underlying convictions are invalid. But as I explained in my separate recommendation to dismiss this complaint,

-3-

that argument is barred under *Heck v. Humphrey.*

There is no basis to grant "summary judgment" to the Plaintiff, particularly given that I have recommended that his complaint be dismissed.

## IV.    CONCLUSION

I recommend that Plaintiff's motion for summary judgment [Doc. #4] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Date: August 3, 2012

                                        -4-

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 3, 2012.

Mark Tyler Anthony                      s/Johnetta M. Curry-Williams
18891 Bloom St                          Case Manager
Detroit, MI 48234-2426