UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK TYLER ANTHONY,

    Plaintiff,

v.

MICHIGAN STATE POLICE, ET AL.,

    Defendants.

                                            /

Case No. 11-13697

District Judge Avern Cohn

Magistrate Judge R. Steven Whalen

### REPORT AND RECOMMENDATION

On August 25, 2011, Plaintiff Mark Tyler Anthony filed a *pro se* civil complaint challenging, apparently on due process grounds, his placement on Michigan's Sex Offender Registry. Before the Court are (1) a Motion to Dismiss filed by Defendants Michigan State Police and its Director, Kriste Kibbey Etue [Doc. #8], and (2) a Motion to Dismiss filed by Defendant Benny Napoleon, the Wayne County Sheriff [Doc. #11]. These motions have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

For the reasons discussed below, I recommend that both motions be GRANTED, and that the complaint be DISMISSED.

### I.   BACKGROUND

On March 1, 1989, following a waiver trial before then-Detroit Recorder's Court Judge Dalton A. Roberson, Plaintiff was convicted of multiple counts of criminal sexual conduct, both first-degree and second-degree. On March 23, 1989, he was sentenced to concurrent prison terms, ranging from 5 to 15 years for second-degree criminal sexual conduct, to 11 to 20 years for first-degree criminal sexual conduct. The transcripts of

Plaintiff's trial and sentencing are appended to his Complaint. Following his release on parole, Plaintiff was required to register as a sex offender, pursuant to Michigan's Sex Offender Registration Act.

In his Complaint, Plaintiff claims that he was not properly convicted of criminal sexual conduct. He states, "Defendant's (sic) assume that Plaintiff was convicted pursuant to MCL 750.520b, that of which include various statements, all of which are not true and can be proven untrue by and through certified 'concreat' (sic) court records...." He claims that in requiring him to register as a sex offender, "[l]aw enforcement and the public have relied upon certified records...and documents that neither convicted Plaintiff of any crimes associated with MCL 750.520b, that would target Plaintiff to submit to the Michigan Sex Offender's Registration Act, and or assume Plaintiff is guilty of various acts of a sexual nature sufficiently derogatory to injure Plaintiff's reputation." He contends that because Judge Roberson "failed to choose his words carefully," he was not properly convicted of the charged sex offenses. Plaintiff seeks injunctive relief removing him from the Sex Offender Registry.

In a previous case, *Mark Anthony v. Chylinski, et al.*, E.D. Mich. No. 08-13393, Plaintiff also challenged his registration as a sex offender, questioning his conviction on the above charges. In his complaint in that case (Doc. #1), he attached documentation showing that the Michigan Court of Appeals affirmed his convictions on direct appeal, and that multiple state post-conviction motions were denied both at the trial court level and on appeal. This previous federal case was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)B)I and 1915A(b)(1). Adopting the Magistrate Judge's Report and Recommendation ("MJRR") in that case , District Judge Avern Cohn wrote:

> "As fully explained in the MJRR, plaintiff cannot use § 1983 to obtain a reversal or otherwise attach his conviction. Rather, should he believe his

constitutional rights were violated in connection with his conviction, his sole remedy is to file a petition for a writ of habeas corpus." Case No. 08-13393, Doc. #12, p.2.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of the complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

## III. ANALYSIS

The Defendants have raised a number of well-grounded arguments for dismissal. Predominant among those arguments is that because Plaintiff's criminal convictions have never been reversed or set aside, his claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that to obtain civil relief based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) .

The very documents submitted by the Plaintiff–his plea and sentencing transcript–show that he was in fact convicted and sentenced for first- and second-degree criminal sexual conduct. His arguments in this case are to the effect that his convictions are invalid. Nevertheless, his appeals and post-conviction actions were unsuccessful, and he has not shown that his convictions have been reversed, vacated or otherwise favorably terminated. Plaintiff's success in the present case would clearly imply the invalidity of his convictions. Judge Cohn so found in the 2008 case that was dismissed. Thus, both Motions to Dismiss must be granted on the basis of *Heck v. Humphrey*.[1]

---

[1] Because this Complaint is so clearly subject to dismissal under *Heck*, it is not necessary to address Defendants' other arguments for dismissal.

### IV. CONCLUSION

For these reasons, I recommend that both Motions to Dismiss [Doc. #8 and Doc. #11] be GRANTED, and that the Complaint be DISMISSED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 3, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 3, 2012.

| | |
|---|---|
| Mark Tyler Anthony<br>18891 Bloom St<br>Detroit, MI 48234-2426 | s/Johnetta M. Curry-Williams<br>Case Manager |