UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK TYLER ANTHONY,

    Plaintiff,

v.                                                   Case No. 11-13697

KRISTIE KIBBEY ETUE,                       HON. AVERN COHN
BENNY N. NAPOLEON, and
MICHIGAN STATE POLICE,

    Defendants.

_____/

**ORDER
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 22)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 20)
AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 4)**

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff, proceeding pro se, filed a complaint against the Michigan State Police, its Director Kristie Kibbey Etue (Etue) and Benny N. Napoleon (Napoleon), the Wayne County Sheriff. Plaintiff challenges, on due process grounds, his placement on Michigan's sex offender registry.

The matter has been referred to a magistrate judge for all pretrial proceedings. Plaintiff, prior to serving the complaint, filed a motion for summary judgment. (Doc. 4). Subsequently, Etue and the Michigan State Police filed a motion to dismiss, (Doc. 8), as did Napoloen. (Doc. 11). The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motions to dismiss be granted. (Doc. 21).[1]

---

[1] The Court, by separate order, has adopted that recommendation.

The magistrate judge issued a separate MJRR recommending that plaintiff's motion for summary judgment be denied. Before the Court are plaintiff's objections to the MJRR, (Doc. 22), to which defendants Michigan State Police and Etue have filed a response (Doc. 23).

## II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

## III.

Plaintiff's objections fail to show that the magistrate judge erred in recommending

that plaintiff's motion for summary judgment be denied.  As explained in the MJRR, the law clearly holds that Michigan's sex offender registry does not violate due process.

IV.

Accordingly, plaintiff's objections are OVERRULED.[2]  The findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court.  Plaintiff's motion for summary judgment is DENIED.

SO ORDERED.

     S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 7, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 7, 2012, by electronic and/or ordinary mail.

     S/Julie Owens
Case Manager, (313) 234-5160

---

[2] Plaintiff has also objected to the magistrate judge's order denying as moot his motion for immediate consideration of his summary judgment motion and denying his request for appointment of counsel.  (Doc. 19).  In light of the orders entered this date, plaintiff's objections to the magistrate judge's order are MOOT.