UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK TYLER ANTHONY,

    Plaintiff,

v.                                                      Case No. 11-13697

KRISTIE KIBBEY ETUE,                           HON. AVERN COHN
BENNY N. NAPOLEON, and
MICHIGAN STATE POLICE,

    Defendants.

_____/

**ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 22)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 21)**
**AND**
**GRANTING KRISTIE KIBBEY ETUE AND THE MICHIGAN STATE POLICE'S**
**MOTION TO DISMISS (Doc. 8)**
**AND**
**GRANTING BENNY N. NAPOLEON'S MOTION TO DISMISS (Doc. 11)**
**AND**
**DISMISSING CASE**

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff, proceeding pro se, filed a complaint against the Michigan State Police, its Director Kristie Kibbey Etue (Etue) and Benny N. Napoleon (Napoloen), the Wayne County Sheriff. Plaintiff challenges, on due process grounds, his placement on Michigan's sex offender registry.

The matter has been referred to a magistrate judge for all pretrial proceedings. Etue and the Michigan State Police filed a motion to dismiss. (Doc. 8). Napoloen filed a

separate motion to dismiss (Doc. 11).[1]  The magistrate judge issued a report and recommendation (MJRR), recommending that the motions be granted and the case be dismissed.  (Doc. 21)  Before the Court are plaintiff's objections to the MJRR.  (Doc. 22).  For the reasons that follow, plaintiff's objections will be overruled, the MJRR will be adopted, defendants' motions to dismiss will be granted, and the case will be dismissed.

II.

Plaintiff was convicted in 1989 on multiple charges of criminal sexual conduct, both first-degree and second-degree.  He was sentenced to concurrent terms, ranging from 5 to 15 years for second-degree criminal sexual conduct, to 11 to 20 years for first-degree criminal sexual conduct.  His convictions were affirmed on appeal.  See People v. Anthony, Nos. 117986, 118194, 118241 and 118162; People v. Anthony, 439 Mich. 889 (1991).  Following his release on parole, plaintiff was required to register as a sex offender under Michigan law.

In 2011, plaintiff filed the instant complaint.  Plaintiff claims that he was not properly convicted of criminal sexual conduct and that his constitutional rights are being violated by having to register as a sex offender.[2]

---

[1] Plaintiff also filed a motion for summary judgment. (Doc. 4).  The magistrate judge recommends that the motion be denied.  (Doc. 20).  Plaintiff's motion for summary judgment is the subject of a separate order entered this date.

[2] In 2008, plaintiff filed a complaint under § 1983, naming different defendants, but also challenging his conviction and registering as a sex offender.  Anthony v. Chylinski, Case No. 08-13393 (E.D. Mich.).  The case was assigned to the undersigned.  The Court, on recommendation of the magistrate judge, dismissed the complaint as frivolous.  See Doc. 12 in case no. 08-13393.  Plaintiff appealed.  The Court of Appeals for the Sixth Circuit affirmed.  Anthony v. Third Circuit Court, No. 08-2410 (Aug. 27, 2009).

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Having reviewed plaintiff's objections, the Court fails to find that the magistrate judge erred in recommending that the defendants' motions to dismiss be granted. As explained in the MJRR, plaintiff's criminal convictions have not been set aside or reversed. Therefore, his claims against defendants are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Moreover, as stated in the order dismissing his 2008 complaint,

plaintiff's sole remedy to challenge his convictions is to file a petition for a writ of habeas corpus. Finally, plaintiff's challenge to Michigan's Sex Offender Registry Act lacks merit because the act has been upheld against constitutional challenges. See Fullmer v. Michigan State Police, 360 F.3d 579 (6th Cir. 2004), Does v. Munoz, 507 F.3d 961 (6th Cir. 2007).

III.

Accordingly, plaintiff's objections are OVERRULED. The findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court. Defendants' motions to dismiss are GRANTED. This case is DISMISSED.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: September 7, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 7, 2012, by electronic and/or ordinary mail.


S/Julie Owens
Case Manager, (313) 234-5160